1    ROBERT M. VANTRESS (SBN 106442)

2    VANTRESS LAW GROUP

3    900 E. Hamilton Ave., Suite 100

4    Campbell, CA 95008

5    Telephone: (408) 905-6501

6    Facsimile: (408) 583-4000

7    Email: Rvantress@VantressLaw.com

8    Attorneys for Plaintiff Robert Critchlow

9

10    **UNITED STATES DISTRICT COURT**

11    **NORTHERN DISTRICT OF CALIFORNIA**

12    **SAN FRANCISCO DIVISION**

13

| | |
|---|---|
| ROBERT W. CRITCHLOW., an individual, ) | Case No.: C-12-1198-LB |
| ) | |
| Plaintiff, ) | **Plaintiff's Case Management Report and** |
| ) | **Request For Continuance** : AND ORDER |
| vs. ) | |
| ) | |
| KATE E. CRITCHLOW, an individual, ) | |
| and JOHN A. WANER, an individual, ) | |
| and John Does 1-15 inclusive, ) | |
| ) | |
| Defendants. ) | |

14    The plaintiff submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER

15    pursuant to the Standing Order for All Judges of the Northern District of California dated July 1,

16    2011 and Civil Local Rule 16-9.

17    **1. Jurisdiction & Service**

18    This is a diversity action for damages arising out of the wrongful acts of the defendants, and

19    each of them, in connection with Plaintiff's father's estate. Plaintiff, a resident of the state of Wash-

20    ington, was the owner of some or all of the property belonging to his father, Warren A. Critchlow,

1    deceased, who resided within this District in Santa Rosa, California, and who died on February 23,
2    2003. He is suing residents of this state residing in this District arising out of that estate. Plaintiff's
3    standing and/or ownership interest in the assets of the estate are by virtue of his status, either di-
4    rectly as his heir, either by intestate succession, or by last will and testament, or as beneficiary of one
5    or more trust agreements or instruments executed by Warren Critchlow.  Plaintiff brings this action
6    seeking equitable and monetary relief caused by Defendants' willful and/or negligent acts arising
7    out of Warren Critchlow's estate and which rights Plaintiff has by virtue of California statutory
8    and/or common law rights.

9         The basis for the court's subject matter jurisdiction over plaintiff's claims is "diversity." Plaintiff
10   Robert W. Critchlow is and has been at all times relevant to this cause of action a resident of Spo-
11   kane, WA. Defendants John Waner and Kate Critchlow, at all times relevant to this cause of action
12   were residents of Sonoma County, CA, in this District. Subject matter jurisdiction exists pursuant to
13   28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties. This Court
14   has personal jurisdiction over the Defendants and venue is proper in the Northern District of Cali-
15   fornia pursuant to 28 U.S.C. § 1391 because this is the judicial district in which defendants reside,
16   where a substantial part of the events or omissions giving rise to the claim occurred or a substantial
17   part of property that is the subject of the action is situated. The San Francisco Division of the
18   Northern District of California is the appropriate division because a substantial part of the events
19   giving rise to Plaintiff's claims occurred in Sonoma County.

20       **2. <u>Statement of Facts</u>**.

21        This is an action alleging common law fraud, conversion and breach of fiduciary duties arising
22   out of Warren A. Critchlow's estate assets, misrepresentations, and failures to disclose. Defendant
23   Kate Critchlow, the surviving spouse, claims that he allegedly executed a Last Will and Testament
24   dated September 26, 1989 but there is no actual proof that such will was actually executed.  Warren
25   A. Critchlow also allegedly executed, on September 26, 1989, the Critchlow Family Trust a/k/a the
26   Warren and Kate Critchlow Trust. Defendant Kate Critchlow claims she was named as the first
27   proposed Personal Representative. Plaintiff Robert W. Critchlow is an heir of the estate of Warren
28   Critchlow, as his natural son, and was named as a legal heir in the alleged decedent's will and is

1   named as the second proposed Personal Representative for the probate of this alleged Last Will and

2   Testament of Warren A. Critchlow. Plaintiff Robert W. Critchlow is also named as an alleged bene-

3   ficiary of the alleged Critchlow Family Trust a/k/a the Warren and Kate Critchlow Trust.  To Plain-

4   tiff's knowledge the following other persons are also beneficiaries of the Critchlow Family Trust:

5   Edward R. Critchlow, Peter Wenzel, Hans Joachim Patzold and Isolde Payne.  To Plaintiff's

6   knowledge, he is still a beneficiary of the Critchlow Family Trust and said trust has not been repudi-

7   ated.  Whether he is an heir by intestate succession, or by virtue of any last wills, Plaintiff has and

8   had an interest in the estate of Warren Critchlow and has standing to pursue this claim.

9       Part of the Warren A. Critchlow estate consisted of Warren Critchlow's own separate property

10  that he inherited as the surviving joint tenant from his mother, and Plaintiff's grandmother, Kathryn

11  L. Rodgers, who also resided in and owned real estate in Santa Rosa, California.  Defendant Kate

12  Critchlow acknowledged that this real estate was in fact Warren Critchlow's own separate property

13  via an Interspousal Grant Deed signed on March 18, 1994.

14      Decedent Warren A. Critchlow's alleged Last Will and Testament was never probated and nei-

15  ther defendant Kate Critchlow nor defendant John A. Waner ever filed a petition to probate a "lost

16  or destroyed will."  Instead of filing a petition to probate decedent's "lost or destroyed will," on

17  January 8, 2004 defendant Kate E. Critchlow and defendant John A. Waner, willfully, intentionally

18  and fraudulently filed in Sonoma County Probate Court a Surviving Spousal Property Petition pur-

19  suant to California Probate Code Sections 100, 101 and 13500 to confirm and transfer all right title

20  and interest in the estate property of Warren A. Critchlow to Kate E. Critchlow. By virtue of said

21  transfer, Plaintiff was deprived of his statutory and common law rights to his lawful inheritance, and

22  to the due process the law required so that he be assured that he was notified of all events concern-

23  ing the estate, and his opportunity to participate in the determination of any rights of Plaintiff in

24  and to any of the assets, proceeds, income, gains, or distributions of the estate, and to inquire into

25  and object to the handling of said property by others, including Defendant Kate E. Critchlow.

26      Attached to her Surviving Spousal Property Petition, defendants Kate Critchlow and John

27  Waner filed and intentionally misrepresented under penalty of perjury to the Sonoma County Pro-

28  bate Court and to the beneficiaries of the Critchlow Family Trust that there was an original Last

1   Will and Testament of Warren A. Critchlow.  Plaintiff Robert W. Critchlow never received any ac-

2   tual notice from defendant Kate Critchlow or defendant John Waner concerning this first Surviving

3   Spousal Property Petition filed January 8, 2004.  Plaintiff Robert W. Critchlow did receive notice by

4   regular mail of Kate Critchlow's second/amended Surviving Spousal Property Petition filed Sep-

5   tember 26, 2005.  This second/amended Surviving Spousal Property Petition and attachments that

6   Plaintiff received by regular mail did not include a copy of Warren Critchlow's alleged Last Will and

7   Testament and simply bore the notation "copy of will previously filed."  As Defendants Kate E.

8   Critchlow and Defendant Waner were his fiduciaries, Plaintiff relied on the representations made by

9   defendants and believed them to be accurate.  Plaintiff has repeatedly made inquiry of the affairs of

10  the estate to Defendant Kate E. Critchlow, and has attempted to discover and receive information

11  from Kate E. Critchlow, which she is by virtue of her own fiduciary duties, obligation to fully dis-

12  close to Plaintiff, but she has not been forthcoming answering such inquiries.

13      Defendant Kate E. Critchlow and Defendant John A. Waner knew at the time of the estate

14  administration that Warren A. Critchlow's will had been lost and/or destroyed. Defendants know-

15  ingly and intentionally, with the intent to injure the assets of the estate and the beneficiaries, includ-

16  ing Plaintiff, did not file a petition for the probate of a lost or destroyed will.  Instead, defendants

17  filed a Surviving Spousal Property Petition in February 2004 with the Sonoma County Probate

18  Court requesting that all assets of the Warren A. Critchlow estate be transferred to confirmed as the

19  property of Defendant/Trustee Kate E. Critchlow.  This was done to conceal Plaintiff's rights in

20  the estate and to deprive Plaintiff of his rightful assets and proceeds of the estate.

21      Defendants' misconduct, including the multiple breaches of their fiduciary duties, harmed

22  Plaintiff, the estate, the property of Plaintiff, the Trusts and its Beneficiaries, damaging the Plaintiff

23  personally in an amount unknown but to be ascertained.  Plaintiff's damages include loss of proper-

24  ty, lost distributions, distributions not made, property damages, legal expenses, lost income, and

25  other damages.

26      **3**. **Legal Issues**

27      There were issues trying to get the summons issued which caused the summons and complaint

28  to be served only recently. Accordingly, the defendants have requested an extension of time, and

1    the parties have thus not been able to conduct the pre-conference meeting to discuss these issues.

2    It is premature to identify the legal issues at this time. Plaintiff is unable to determine which legal

3    issues defendants intend to dispute. Plaintiff would be engaging in speculation at this point to state

4    which legal issues will be disputed by defendants.  For this reason, Plaintiff requests a 60 day post-

5    ponement and extension of the Case Management Conference deadlines.

6        **4**. **Motions**

7        For the same reasons cited above, the parties have not been able to conduct the pre-conference

8    meeting to discuss these issues. It is premature to identify the anticipated motions at this time.

9    Plaintiff is unable to determine which motions defendants intend to dispute. Plaintiff would be en-

10   gaging in speculation at this point on that subject. For this reason, Plaintiff requests a 60 day post-

11   ponement and extension of the Case Management Conference deadlines. There are no pending mo-

12   tions by plaintiff or defendants.

13       **5**. **Amendment of Pleadings**

14       For the same reasons cited above, the parties have not been able to conduct the pre-conference

15   meeting to discuss these issues. It is premature to identify the anticipated amendments of pleadings

16   at this time. Plaintiff would be engaging in speculation at this point on that subject. For this reason,

17   Plaintiff requests a 60 day postponement and extension of the Case Management Conference dead-

18   lines.

19       **6**. **Evidence Preservation**

20       Plaintiff's counsel has advised Plaintiff to preserve evidence relevant to the issues reasonably

21   evident in this action. Plaintiff cannot speak to the evidence in the possession of defendants or their

22   attorneys and/or whether steps have been taken to preserve their evidence.

23       **7**. **Disclosures**

24       For the same reasons cited above, the parties have not been able to conduct the pre-conference

25   meeting to discuss these issues. It is premature to identify conduct the required pre-Conference dis-

26   closures at this time. Plaintiff would be engaging in speculation at this point on that subject. For this

27   reason, Plaintiff requests a 60 day postponement and extension of the Case Management Confer-

28   ence deadlines. There has not been full and timely compliance with the initial disclosure require-

1    ments of Fed. R. Civ. P. 26. Plaintiff has not made any initial disclosures due to the late service of

2    both defendants. Plaintiff assumes that both defendants will retain counsel and file notices of ap-

3    pearance. At that time plaintiff will who the defense lawyers are, have their mailing addresses

4    and/or email addresses and will then be able to comply with the initial discovery disclosure re-

5    quirement.

6    **8**. **Discovery**

7    There has been no discovery taken to date. For the same reasons cited above, the parties have

8    not been able to conduct the pre-conference meeting to discuss these issues. It is premature to iden-

9    tify the discovery plan at this time. Plaintiff would be engaging in speculation at this point on that

10   subject. Thus, there cannot be a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

11   **9**. **Class Actions**

12   Plaintiff does not intend to turn this case into a class action.

13   **10**. **Related Cases**

14   As disclosed at the time the complaint was filed, there is no related cases or proceedings pend-

15   ing before another judge of this court, or before another court or administrative body, but Plaintiff

16   has disclosed a prior "Safe Harbor Proceeding" in Sonoma County Case # SPR 75705 which is no

17   longer pending, and which Plaintiff does not belief falls within the definition of a "related case."

18   **11**. **Relief**

19   Plaintiff will be seeking damages for loss of his property, and the use thereof, including the

20   amount of his time (plaintiff is an attorney in Washington) and costs he has had to expend to de-

21   termine the facts surrounding the administration of his father's estate and to discover the fraud in

22   this case and the violations of fiduciary duties. Plaintiff will also be seeking punitive damages and

23   plaintiff cannot state an amount at this time since this amount will depend on discovery of the full

24   nature and extent of defendants' willfulness in their actions and the presence of any potentially mit-

25   igating factors.

26   **12**. **Settlement and ADR**

27   For the same reasons cited above, the parties have not been able to conduct the pre-conference

28   meeting to discuss these issues. It is premature to identify the prospects for settlement or mediation

1   at this time. Plaintiff would be engaging in speculation at this point on that subject. For this reason,

2   Plaintiff requests a 60 day postponement and extension of the Case Management Conference dead-

3   lines. There are no prospects for settlement. Plaintiff does not oppose a negotiated settlement of

4   this case via mediation, arbitration or some other court sanctioned process.

5       **13**. **Consent to Magistrate Judge For All Purposes**

6       Plaintiff has already filed his consent to have a magistrate judge conduct all further proceedings

7   including trial and entry of judgment. For the same reasons cited above, the parties have not been

8   able to conduct the pre-conference meeting to discuss these issues. It is premature to identify the

9   anticipated amendments of pleadings at this time. Plaintiff would be engaging in speculation at this

10  point on that subject. For this reason, Plaintiff requests a 60 day postponement and extension of

11  the Case Management Conference deadlines.

12      **14.** **Other References**

13      It is premature at this time to determine whether the case is suitable for reference to binding

14  arbitration, but it is not suitable for a special master, or the Judicial Panel on Multidistrict Litigation.

15  For the same reasons cited above, the parties have not been able to conduct the pre-conference

16  meeting to discuss these issues. It is premature to identify the anticipated alternative procedures

17  such as a reference or arbitration, at this time. Plaintiff would be engaging in speculation at this

18  point on that subject. For this reason, Plaintiff requests a 60 day postponement and extension of

19  the Case Management Conference deadlines.

20      **15.** **Narrowing of Issues**

21      For the same reasons cited above, the parties have not been able to conduct the pre-conference

22  meeting to discuss these issues. It is premature to identify the anticipated narrowing of the issues at

23  this time. Plaintiff would be engaging in speculation at this point on that subject.

24      **16**. **Expedited Trial Procedure**

25      For the same reasons cited above, the parties have not been able to conduct the pre-conference

26  meeting to discuss the issue of an expedited trial at this time. Plaintiff would be engaging in specula-

27  tion at this point on that subject. Plaintiff believes that this question depends on how much discov-

28  ery will be necessary and how many additional defendants (via amended complaint) will need to be

1  added as parties.

2  **17**. <u>**Scheduling**</u>

3  For the same reasons cited above, the parties have not been able to conduct the pre-conference

4  meeting to discuss these issues. It is premature to identify a schedule to be proposed at this time.

5  Plaintiff would be engaging in speculation at this point on that subject.

6  **18.** <u>**Trial**</u>

7  For the same reasons cited above, the parties have not been able to conduct the pre-conference

8  meeting to discuss these issues. It is premature to identify the anticipated trial time. Plaintiff has re-

9  quested a jury trial though.

10  **19**. <u>**Disclosure of Non-party Interested Entities or Persons**</u>

11  Plaintiff has filed his "Certification of Interested Entities or Persons" required by Civil Local

12  Rule 3-16. The non-party interested entities have been disclosed already in plaintiff's complaint.

13  Those non-parties are as follows: Edward R. Critchlow, Peter Wenzel, Hans Jochim Patzold, Isolde

14  Payne.

15  Dated: July 17, 2012                                    Respectfully submitted,

16                                                                          **VANTRESS LAW GROUP**

17

18                                                                          **Robert M. Vantress,** Attorneys for Plaintiff
19                                                                          Robert W. Critchlow

The Case Management Conference is reset to October 4, 2012 at 10:30 a.m. A Joint Case
Management Conference Statement due September 27, 2012. The case management conference
on July 19, 2012 at 10:30 a.m. is VACATED.
Dated: July 17, 2012

LAUREL BEELER
U.S. MAGISTRATE JUDGE