UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

ROBERT W. CRITCHLOW,                          No. C 12-01198 LB

                Plaintiff,              **ORDER GRANTING MOTION TO DISMISS**

      v.

KATE E. CRITCHLOW, an individual, and
JOHN A. WANER, an individual, and DOES
1-50, inclusive,

                Defendants.

_____/

## I.  INTRODUCTION

In this tort action, Plaintiff Robert Critchlow claims that his step-mother, Defendant Kate

Critchlow ("Mrs. Critchlow"), and her former attorney John Waner colluded in an attempt to cheat

Plaintiff out of his share of his deceased father's estate.  *See* First Amended Complaint ("FAC"),

ECF No. 24.[1]  Plaintiff states three claims against both Defendants: breach of trust and fiduciary

duty, fraud, and conversion.  *See* FAC ¶¶ 27-34.  Defendants deny the accuracy of Plaintiff's factual

assertions and argue that his causes of action are barred by the probate exception to federal

jurisdiction and the statute of limitations.  For the reasons stated below, the court **GRANTS**

---

[1]  Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
generated page numbers at the top of the document.

1 Defendants' motions to dismiss.[2]

2                        **II. FACTS AND PROCEDURAL HISTORY**

3 **A.  Facts**

4       The following are from the complaint.

5       Plaintiff Robert Critchlow resides in Washington state and is the son of Warren and Joanne

6 Critchlow.  FAC, ECF No. 24, ¶ 3.  Warren Critchlow died in Santa Rosa, California, on February

7 23, 2003.  *Id.* ¶ 11.  At the time, he was married to his second wife, Defendant Kate Critchlow, a

8 resident of Santa Rosa, California.  *Id.* ¶ 4.  Her lawyer, John Waner, also resides in Santa Rosa.  *Id.*

9 ¶ 5.

10       Kate Critchlow claimed that Warren Critchlow executed a Last Will and Testament (the

11 "purported will") and the Critchlow Family Trust a/k/a the Warren and Kate Critchlow Trust ("the

12 Trust") on September 25, 1989.  *Id.* ¶ 11.  Plaintiff alleges that there is no proof that the will was

13 actually executed.  *Id.*  The purported will named Kate Critchlow as the first proposed personal

14 representative and Warren Critchlow as the second proposed personal representative, and it devised

15 all of Warren Critchlow's property to the Critchlow Family Trust.  *Id.* ¶¶ 11-12.  The Trust's

16 beneficiaries include Plaintiff and Edward R. Critchlow, Peter Wenzel, Hans Joachim Patzold, and

17 Isolde Payne.  *Id.* ¶ 13.

18       Part of Warren Critchlow's estate was separate real property that he inherited from his mother

19 and grandmother.  *Id.* ¶ 14.  Kate Critchlow acknowledged that this inheritance was separate

20 property by signing an interspousal grant deed on March 18, 1994.  *Id.*

21       Warren Critchlow's purported will was never probated, and Kate Critchlow and John Waner

22 never filed a petition to probate a lost or destroyed will.  *Id.* ¶ 15.  Instead, on January 8, 2004,[3] they

23 "willfully, intentionally and fraudulently filed" a surviving spousal petition in Sonoma Probate

24 Court under California Probate Code sections 100, 101, and 13500 to transfer all right in Warren

25 _____

26       [2]  Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision
27 without oral argument.

28       [3]  The complaint gives the date of the filing as January 8, 2004 in paragraph 15 and February
2004 in paragraph 21.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1 Critchlow's estate to Kate Critchlow, depriving Plaintiff of his inheritance. *Id.* ¶ 15. Apparently in

2 an attachment to that petition, Kate Critchlow and John Waner "misrepresented under penalty of

3 perjury" that there was a will (and attached an unsigned copy of the purported will), but Plaintiff did

4 not receive notice of the filing of the spousal petition. *Id.* ¶¶ 16, 18. Plaintiff also says that

5 Defendants "sent out to beneficiaries of the Critchlow Trust" the surviving spousal petition with an

6 attached copy of the purported will but the copy of the will did not have signatures for Warren

7 Critchlow and the two witnesses. Instead, it bore the stamped notations "signatures are on original

8 documents." *Id.* ¶ 22. Plaintiff did receive notice by regular mail of the filing of Kate Critchlow's

9 second/amended spousal petition filed on September 26, 2005, but the attachments did not include

10 the will and bore only the notation "copy of will previously filed." *Id.* ¶ 16. Plaintiff says that he

11 asked Kate Critchlow repeatedly about "the affairs of the estate" and has tried to "discover and

12 receive information" from her but she "has not been forthcoming answering such inquiries." *Id.*

13 Plaintiff apparently had to get a copy of the first petition himself (and the attached unsigned copy of

14 the purported will). *Id.* ¶ 18.

15 On or after March 23, 2009, Plaintiff discovered that Warren Critchlow's purported will was

16 unsigned and that Kate Critchlow did not have – as she had represented – the original. *Id.* ¶ 17.

17 Kate Critchlow admitted that in a declaration filed that day. *Id.* ¶ 19. The chronology leading to

18 Plaintiff's discovery is as follows. On November 6, 2008, Plaintiff filed a "safe harbor petition" in

19 Sonoma probate court under the "no contest" clause of the will seeking a determination about

20 whether he could bring certain causes of action against Kate Critchlow without violating the "no

21 contest clause" of the purported will. *Id.* ¶ 17. Kate Critchlow and John Waner agreed that he could

22 proceed with causes of action without violating the no contest clause. *Id.* ¶ 19. On March 23, 2009,

23 Mrs. Critchlow filed a declaration admitting that she did not have the original signed purported will.

24 *Id.* Plaintiff tried to do discovery and scheduled a deposition of Mrs. Critchlow. *Id.* Her attorney

25 filed a motion to quash, saying that the "safe harbor" proceeding had been concluded, and Plaintiff

26 had to file an action to get discovery. *Id.* The superior court judge agreed. *Id.*

27 The result in the state court proceeding is that in October 2005 the probate court issued an order

28 transferring property of the Warren Critchlow estate to Kate Critchlow. *Id.* ¶ 23.

In sum, Plaintiff alleges that Defendants pursued the surviving spousal petition with an unsigned will (instead of filing a petition to probate a lost or stolen will) and falsely claimed in state court that the purported will was valid. *Id.* ¶ 21.  They knew the will was lost or destroyed.  *Id.*  Defendants' acts – *e.g.*, sending copies to beneficiaries of Warren's purported will with stamped notations "signatures are on the original documents" and making similar false representations in state court – were knowingly false (because they knew there was no original last will) and resulted in wrongful transfer of property to Kate.  *Id.*  This was done to conceal Plaintiff's rights in the estate, to deprive him of those assets, and to deny him his right to have the will probated and his rights determined either by last will or through intestate succession. *Id.* ¶¶ 21, 26.  Similarly, Plaintiff claims that the transfer of the property:

> deprived him of his statutory and common law rights to his lawful inheritance, and to the due
> process the law required so that he [could] be assured that he was notified of all events
> concerning the estate, and his opportunity to participate in the determination of any rights of
> Plaintiff in and to any of the assets, proceeds, income, gains, or distributions of the estate,
> and to inquire into and object to the handling of said property by others, including Defendant
> Kate E. Critchlow.

*Id.* ¶ 15.  He also alleges that Defendants' acts breached their duties as trustees to report to the beneficiaries about the trust and its administration.  *Id.* ¶ 20.  Specifically, Defendants breached the following duties:

> (1) to administer the Trust according to the Trust instrument (section 16000); (2) loyalty (section
> 16002); (3) impartiality (section 16003); (4) avoiding conflicts of interest (section 16004); (5)
> controlling and preserving trust property (section 16006); (6) making trust property productive
> (section 16007); (7) keeping trust property separate (section 16009); (8) exercising reasonable
> care (section 16040); and (9) complying with the Prudent Investor Rule (section 16046).

*Id.* ¶ 24.

Plaintiff seeks damages for the misconduct and breach of fiduciary duties and also punitive damages because "Defendants' conduct rises to the level of malice, oppression, and fraud."  *Id.* ¶¶ 25, 26.  Plaintiff alleges three causes of action:  breach of trust and fiduciary duty, fraud, and conversion.  *See id.*  ¶¶ 27-34.

**B.  Procedural History**

Plaintiff filed his first complaint on March 9, 2012.  *See* FAC, ECF No. 1.  In response to Defendants' separate motions to dismiss filed on July 27, 2012, Plaintiff filed the FAC.  *See* ECF

UNITED STATES DISTRICT COURT
For the Northern District of California

Nos. 17, 20, 24.  Defendants filed separate motions to dismiss the FAC for lack of subject-matter

jurisdiction and failure to state claims.  *See* ECF Nos. 28, 29.

### III.  LEGAL STANDARDS

**A.  Rule 12(b)(1)**

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when

the court lacks subject-matter jurisdiction over the claim.  Federal subject-matter jurisdiction must

exist at the time the action is commenced.  *Morongo Band of Mission Indians v. California Bd. of*

*Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  A Rule 12(b)(1) motion may either attack the

sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of

jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge).  *See*

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. &*

*Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177

(9th Cir. 1987).  A facial attack asserts lack of federal jurisdiction based on the complaint alone, and

the court must accept all allegations of fact in the complaint as true and construe them in the light

most favorable to the plaintiffs.  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139

(9th Cir. 2003).  By contrast, with a factual challenge, a court need not assume the truth of factual

allegations but may hear additional evidence about jurisdiction and resolve factual disputes when

necessary.  *See Roberts*, 812 F.2d at 1177 (quotation omitted).  If a defendant challenges jurisdiction

by presenting evidence, then the party opposing the motion must present sufficient evidence to

support the court's subject-matter jurisdiction.  *See Savage v. Glendale Union High School, Dist.*

*No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  Dismissal of a complaint

without leave to amend should only be granted where the jurisdictional defect cannot be cured by

amendment.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.  Rule 12(b)(6)**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face.  *See id.*  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV.  DISCUSSION

### A.  Kate Critchlow's Motion to Dismiss

Defendant Kate Critchlow argues that the probate exception to federal jurisdiction means that only the state probate court has jurisdiction over Plaintiff's claims. She also argues that Plaintiff fails to state a claim and that the statute of limitations bars his claims.

### 1.  Probate Exception to Federal Subject-Matter Jurisdiction

In a diversity action such as this one, the "probate exception" means that a federal court may not exercise jurisdiction to probate or annul a will, administer a decedent's estate, or "endeavor[] to

UNITED STATES DISTRICT COURT
For the Northern District of California

dispose of property that is in the custody of a state probate court." *Marshall v. Marshall,* 547 U.S. 293, 308 (2006); *accord Markham v. Allen,* 326 U.S. 490, 494, (1946).   But the exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 311-12.  The probate exception is a judicially-created doctrine, it is narrowly construed, and it does not bar jurisdiction over matters merely because they are probate-related.  *Id.*; *see Breaux v. Dilsaver*, 254 F.3d 533, 536-37 (5th Cir. 2001) (upholding diversity jurisdiction over a suit by heirs against administrator of two estates personally for fraud and breach of fiduciary duty; did not challenge validity of probate proceeding; judgment would be satisfied from administrator's own property and would not affect distribution of estate); *Campi v. Chirco Trust UDT 02–11–97*, 223 Fed. App'x 584, 585 (9th Cir. 2007) (unpublished opinion allowing lawsuit against trust for fraud, undue influence, and breach of fiduciary duties;  "[c]laims merely related to probate matters are not within the probate exception"; *Gherini v. Lagomarsino*, 258 Fed. App'x 81, 83 (9th Cir. 2007) (holding that exception did not bar lawsuit with RICO and tort claims seeking an *in personam* damages judgment against the defendants themselves); *see also, MacMullin v. Poach*, 377 Fed. App'x 711, at *1 (9th Cir. 2010) ("the probate exception to bankruptcy jurisdiction applies to claims against the *res* in the custody of the state court and to matters internal to the probate of the will").

Kate Critchlow argues that Plaintiff's claims fall within the probate exception because they ask the court to determine the validity of the purported will, administer Warren Critchlow's estate, determine Plaintiff's heirship, and order the distribution of property.  Mot., ECF No. 28 at 15-16.  They do not.  Plaintiff does not ask the court to probate the purported will or administer his father's estate and instead seeks monetary damages for Defendants' alleged breaches of fiduciary duty, fraud, and conversion for the manner in which they administered the estate.  *See* FAC, ECF No. 24, ¶¶ 27-34.

The post-*Marshall* decisions establish that the probate exception does not bar tort causes of action that are merely related to probate matters.  Tort claims – including fraud and breach of fiduciary duties regarding removal of property from a trust – remain within the federal court's jurisdiction.  *See Campi*, 223 Fed. App'x at 585; *see also Cunningham v. World Sav. Bank, FSB*, No.

3:07-cv-08033, 2007 WL 4181838, at *4 (D. Ariz. Nov. 21, 2007) (finding that probate exception did not bar removal from state court where petition alleged claims for negligence and breach of contract against third-party bank that improperly disposed of estate property).

In *Lefkowitz v. Bank of New York*, the Second Circuit explained that under the probate exception, there was no federal jurisdiction to hear a beneficiary's claims against the executor of an estate to obtain property under the control of the state probate court.  528 F.3d 102, 107-08 (2d Cir. 2007). The court retained jurisdiction, however, over the plaintiff's tort claims against the executor for fraud and breach of fiduciary duty to the extent they did not interfere with the property subject to the probate court's jurisdiction and did not require the court to actually administer the estate.  *Id.*

In sum, Plaintiffs' causes of action are about lies by administrators and their breach of fiduciary responsibility, and his lawsuit against them for those lies is for damages and not to unwind anything that the probate court did.  His claims for damages against the administrators are only "related to probate matters" and are not barred by the probate exception.[4]

## 2. Failure to State a Claim

Mrs. Critchlow argues that Plaintiffs' claims are barred by the statutes of limitations and – in support of that argument – cites what she says are judicially-noticeable documents showing notice in 2004 and 2005.  The court turns first to whether it can take judicial notice and then addresses the statute of limitations arguments.

### a. *Request for Judicial Notice*

Mrs. Critchlow asks the court to take judicial notice under Federal Rule of Evidence 201 of documents filed in Sonoma court in the proceedings in *In the Matter of the Estate of Warren A. Critchlow*, No. SPR 75705 as follows:

1. Stipulated Order/Ruling That Petitioner's Proposed Actions A-L Do Not Violate No Contest Clause of Will, filed on January 14, 2009, RJN Ex. A, ECF No. 28-1 at 5;

---

[4]  The court rejects the argument that there is no subject matter jurisdiction because California would treat these claims as exclusively under the probate court's jurisdiction, and thus there is no state claim (and no basis for diversity jurisdiction about that claim).  *See* Motion, ECF No. 28 at 16-18.  Causes of action alleging fraud and breach of fiduciary duty are not barred when they are against the administrators personally merely because they implicate facts that are part of the probate proceedings.

2.   Petitioner Robert W. Critchlow's Notice of Hearing filed on November 6, 2008, RJN Ex. B, ECF No. 28-1 at 8;

3.   Petitioner Robert W. Critchlow's Safe Harbor Petition ("Safe Harbor Petition"), filed on November 6, 2008, RJN Ex. C, ECF No. 28-1 at 11;

4.   Last Will and Testament of Warren A. Critchlow, attached as Exhibit 1 to the Safe Harbor Petition, RJN Ex. C, ECF No. 28-1 at 15-18;

5.   Spousal Property Petition filed with the Sonoma County Superior Court on February 10, 2004, attached as Exhibit 2 to the Safe Harbor Petition, RJN Ex. C, ECF No. 28-1 at 19-24;

6.   Spousal Property Petition filed with the Sonoma County Superior Court on September 26, 2005, attached as Exhibit 3 to the Safe Harbor Petition, RJN Ex. C, ECF No. 28-1 at 25-30;

7.   Petitioner Robert W. Critchlow's Memorandum of Authorities in Support of Safe Harbor Petition ("Safe Harbor Memo"), filed on November 6, 2008, RJN Ex. D, ECF No. 28-1 at 32-57.

8.   An Interspousal Transfer Grant Deed filed with the Sonoma County Recorder's Office on March 25, 1994, attached as Exhibit C1 to the Safe Harbor Memo, RJN Ex. D, ECF No. 28-1 at 45-46.

9.   Homestead Declaration filed with the Sonoma County Recorder's Office on May 7, 1993, attached as Exhibit H1 to the Safe Harbor Memo, RJN, Ex. D, ECF No. 28-1 at 52-53.

Request for Judicial Notice ("RJN"), ECF No. 28-1. Plaintiff opposes Mrs. Critchlow's request. Opp'n, ECF No. 34 at 16-19.[5]

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201(a) & (b) advisory committee's notes (emphasis added). A court, then, may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *See Lee v.*

---

[5] Plaintiff asks the court to strike parts of Ms. Critchlow's motion that refer to "the content of the probate proceedings." Opp'n to Critchlow Mot., ECF No. 34 at 37. The court denies Plaintiff's motion but also does not consider matters that it should not as part of a motion to dismiss. *Cf.* Fed. R. Civ. P. 12(f) (permitting the court to strike material from a pleading).

1  *City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also Muhammad v. California*,

2  C-10-1449-SBA, 2011 WL 873151, at *4 (N.D. Cal. Mar. 11, 2011) (denying request for judicial

3  notice of an address contained on a complaint filed in another case because the "underlying facts

4  relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule

5  201").

6      In deciding a motion to dismiss, the court generally considers the allegations in the pleadings and

7  the exhibits attached to the complaint, though it may also consider material incorporated by

8  reference into the complaint and matters of public record without converting the motion to dismiss

9  into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.

10  2010); *Intri–Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007).

11  Documents are incorporated into the complaint by reference "in situations where the complaint

12  necessarily relies upon a document or the contents of the document are alleged in a complaint, the

13  document's authenticity is not in question and there are no disputed issues as to the document's

14  relevance." *Coto Settlement*, 593 F.3d at 1038; *see United States v. Corinthian Colleges*, 655 F.3d

15  984, 999 (9th Cir. 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Parrino v. FHP,*

16  *Inc.*, 146 F.3d 699, 705, 706 n. 4 (9th Cir. 1998), *rev'd by statute on other grounds*; *Int'l Audiotext*

17  *Network v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (considering an agreement that was

18  not specifically incorporated into the complaint because the complaint "relies heavily upon its terms

19  and effect" such that the agreement is "integral" to the complaint).  The defendant can attach to a

20  motion to dismiss documents referenced in the complaint in order to refute the plaintiff's claims and

21  the court may consider them. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on*

22  *other grounds in Galbraith v. County of Santa Clara* 307 F.3d 1119, 1127 (9th Cir. 2002)).

23      As described above, Mrs. Critchlow asks the court to take judicial notice of two types of

24  documents – documents filed with the Sonoma County Superior Court in *In the Matter of the Estate*

25  *of: Warren A. Critchlow*, No. SPR 75795, and documentary evidence that was originally attached to

26  those filings.  Counsel for Mrs. Critchlow obtained certified copies of exhibits A, C, and D to the

27  request for judicial notice from Sonoma County Superior Court.  Kuntz Decl., ECF No. 28-2, ¶ 3.

28  He also declares that exhibit B is a true and correct copy of the Notice of Safe Harbor Petition.  *Id.*

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The court takes judicial notice that these public records were filed with the Sonoma County

2    Superior Court, but it does not take judicial notice of the facts contained in the documents because

3    Plaintiff says generally that he disputes them.  *See* Opp'n to Critchlow Mot., ECF No. 34 at 17; *see*

4    *also Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  To the extent that the

5    documents are relevant to statute of limitations arguments, the court considers the fact that Plaintiff

6    made statements in the documents or had notice of the claims he asserts in this action.  *See Southern*

7    *Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 428 (3d Cir. 1999) (a

8    court may take judicial notice of another court's opinion to use it as proof that evidence existed to

9    put a party on notice of the facts underlying a claim).

10   With regard to the documentary evidence – the Last Will and Testament of Warren A. Critchlow,

11   the Spousal Property Petitions, the Interspousal Transfer Grant Deed, and the Homestead

12   Declaration – the court can not determine that these documents, which were attached to other court

13   filings, are what they purport to be.  The court takes judicial notice only that they were filed.

14   ### b. Statute of Limitations

15   Plaintiff first argues that the court should not take judicial notice of documents at the 12(b)(6)

16   stage relevant to the statute of limitations.   The court can and does consider the documents.

17   "A defendant is permitted to raise a statute of limitations argument in a 12(b)(6) motion provided

18   the basis for the argument appears on the face of the complaint and any materials the court is

19   permitted to take judicial notice of."  *Hernandez v. Sutter W. Capital*, C 09-03658 CRB, 2010 WL

20   3385046 (N.D. Cal. Aug. 26, 2010) (granting motion to dismiss on statute of limitations grounds

21   based on judicially-noticed dates); *Low v. City of Sacramento*, No. 2:10-CV-01624 JAM, 2011 WL

22   2935858, at *4 (E.D. Cal. July 18, 2011).  Nor must the court blindly accept the dates alleged in the

23   plaintiff's complaint when they are contradicted by judicially noticeable facts.  *Von Saher v. Norton*

24   *Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Baublitz v. W. Valley Coll.*

25   *Chancellor's Office*, No. C-97-3799 VRW, 1998 WL 345396, at *1 (N.D. Cal. June 16, 1998)

26   (disregarding date alleged in the complaint as contradicted by date that judicially noticed public

27   record was filed and granting motion to dismiss).

28   In arguing otherwise, Plaintiff relies on dicta from *Xechem, Inc. v. Bristol-Myers Squibb Co.*,

372 F.3d 899, 901-02 (7th Cir. 2004), in which the Seventh Circuit reversed a district court that had dismissed a complaint without leave to amend based on statute of limitations grounds. There, however, the dates were not established through judicially noticed facts, and the Seventh Circuit reversed because the complaint also alleged facts supporting an inference that could extend the statute of limitations. *Id.* at 902. Plaintiff is correct, however, that his complaint need not contain any information about defenses and may not be dismissed for that omission. *See* Opp'n to Critchlow Mot., ECF No. 34 at 25. Given the liberal pleading standard on a motion to dismiss, it is not enough to support a Rule 12(b)(6) dismissal that the dates alleged in the complaint are beyond the statutory period. Dismissal can be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

The court turns now to the claims and Mrs. Critchlow's statute of limitations defenses.

### c. Breach of Trust and Fiduciary Duty Claim

Mrs. Critchlow argues that Plaintiff's first claim for breach of trust and breach of fiduciary duty is barred by the three-year statute of limitations applicable under California Probate Code section 16460. Critchlow Mot., ECF No. 28 at 20-21. Plaintiff counters that the four-year "catch-all" statute of limitations in California Code of Civil Procedure section 343 applies. The court finds that the three-year statute of limitations in section 16460 applies.

In determining the applicable statute of limitations, the court looks to gravamen of the cause of action. *Davies v. Krasna*, 14 Cal. 3d 502, 515 (1975) ("'The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded'") (quoting *Day v. Greene*, 59 Cal. 2d 404, 411 (1963)); *Smith v. Ben Bennett, Inc.*, 133 Cal. App. 4th 1507, 1525 (2005) (statute of limitations governed by "gravamen of the cause of action").

The three-year limitations period in California Probate Code section 16460 applies to claims by beneficiaries against trustees, rather than the four-year period in section 343. In *Noggle v. Bank of America*, 70 Cal. App. 4th 853, 857-59 (1999), the court discussed in detail the legislative history of section 16460. The court explained that prior to 1986, "actions against trustees of express trusts

were covered by the four-year period of limitations governing breaches of fiduciary duties in general (Code Civ. Proc., § 343) . . . ." *Id.* at 857.  The court quoted the Law Revision Commission Comment to the subsequent 1996 amendment, which stated that [t]he three-year statute of limitations under subdivision (a) is applicable to all claims for breach of trust and the four-year statute of Code of Civil Procedure Section 343 is inapplicable" *Id.* at 859.

Here, Plaintiff alleges breaches of trust and fiduciary duty under multiple provisions of the California Probate code. *See* FAC ¶ 24.  He alleges violations of Cal. Prob. Code §§ 16000 (duty to administer trust according to trust instrument, 16002 (duty of loyalty), 16003 (duty of impartiality), 16004 (avoiding conflicts of interest), 16006 (controlling and preserving trust property), 16007 (making trust property productive), 16009 (keeping trust property separate), 16040 (exercising reasonable care), and 16046 (prudent investor rule).[6] FAC ¶ 24.  Based on these allegations, Plaintiff's cause of action is based upon alleged violations of his rights as a beneficiary of the Trust and Defendants' alleged breaches of her fiduciary duties as trustees.  Accordingly, the court finds that the three-year statute of limitations in section 16460 applies.

The issue then is whether the claim is barred.  Plaintiff argues that the statute of limitations on his claims began to run on March 23, 2009, when Mrs. Critchlow filed a sworn declaration stating that she did not have the original copy of the purported will.  FAC, ECF No. 24, ¶ 19.  Mrs. Critchlow argues that Plaintiff admits to learning of the claim in September 2005, when he was served with the Second Petition.  Critchlow Mot., ECF No. 28 at 21.  In any event, she argues that Plaintiff is estopped from denying that he discovered the subject of his claim by October 28, 2008, the date he signed the Safe Harbor Petition.[7]  *Id.*; Critchlow RJN Ex. C, ECF No. 28-1 at 13.

---

[6]  Plaintiff also mentions that he "discovered information suggesting that Defendants each breached their fiduciary duties to Plaintiff . . . in their capacities as bailees of Plaintiff's property [and] as personal representatives of the estate of Warren Critchlow . . . ." FAC ¶ 17.  Plaintiff does not state that his claims are based on Defendants' breaches of fiduciary duties in these capacities and does not establish the factual bases for imposing such liability.  Accordingly, the court construes Plaintiff's breach of fiduciary duty claim as solely based on Defendants' alleged breaches as Trustee and attorney.

[7]  As discussed above, the court takes judicial notice of the Safe Harbor Petition, not for the truth of the statements therein.  The court, therefore does not take judicial notice that Plaintiff signed

UNITED STATES DISTRICT COURT
For the Northern District of California

In relevant part, section 16460 provides:

(a) Unless a claim is previously barred by adjudication, consent, limitation, or otherwise:
. . .

    (2)  If an interim or final account in writing or other written report does not adequately disclose the existence of a claim against the trustee for breach of trust or if a beneficiary does not receive any written account or report, the claim is barred as to that beneficiary unless a proceeding to assert the claim is commenced within three years after the beneficiary discovered, or reasonably should have discovered, the subject of the claim.

Cal. Prob. Code § 16460.

In assessing the time of accrual of a cause of action against a trustee under section 16460, the general inquiry is "who knew what and when it was known." *Noggle*, 70 Cal. App. 4th at 860.  A duty to inquire, as stated in the statute, arises when sufficient information is received to put a beneficiary on notice of a claim. *Id.* at 860, n. 5; *see also Miller v. Bechtel Corp.* 33 Cal. 3d 868, 874-75 (1983).

In *Noggle,* the residuary beneficiaries of a trust sued the trustee for managing the trust assets for the income beneficiaries' (rather than their) benefit. *Id.* at 856.  The trial court concluded there was sufficient information from which the residuary beneficiaries were on notice that a claim existed against the trustee. *Id.* at 861.  The residuary beneficiaries had various communications from the trustee including accountings and a letter explaining the trustee's investment strategy to invest assets in order to maximize the income for the income beneficiaries.  As the *Noggle* court stated, "We don't see how the Bank could have made it any plainer . . . ." *Id.*  In addition, the accountings provided sufficient information to enable some of the residuary beneficiaries to calculate the market value for the assets in the trusts to make comparisons and observe the absence of growth in the principal. *Id.*  This information was sufficient to put them on notice and triggered the statute of limitations.

The court finds unavailing Plaintiff's argument that there is "no duty of inquiry" in fiduciary relationships and that "the statute of limitations never begins to run until the fiduciary relationship is 'repudiated'" Opp'n to Mrs. Critchlow Mot., ECF No. 34 at 26.  Plaintiff relies almost entirely on federal cases from other circuit or California cases that predate the 1986 enactment of section

the Safe Harbor Petition on October 28, 2008.  Instead, the court takes notice that the Safe Harbor Petition was filed on November 6, 2008.  *See* RJN Ex. C, ECF No. 28-1 at 11.

16460.  *Id.*  The other cases are all inapposite.  *See Martin v. Construction Laborer's Pension Trust*, 947 F.2d 1381, 1384 (9th Cir. 1991) (repudiation required in case involving a pension trust); *In Re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010) (repudiation required to trigger statute of limitations on claim against voluntary trustee).

Here, the Safe Harbor Petition and the Safe Harbor Memo reveal that Plaintiff was alerted to his breach of fiduciary duty claims by November 6, 2008.  In the Safe Harbor Memo, Plaintiff asked the court to rule that he could bring legal action against Mrs. Critchlow without violating the no contest clause of the purported will.  RJN Ex. D, ECF No. 28-1 at 33.  Plaintiff wanted to bring an action for breach of fiduciary duties arising out of Mrs. Critchlow's "breaches of trust and conflicts of interest when she filed her surviving spousal property petitions . . . for the non probate transfer of Warren A. Critchlow's estate."  *Id.* at 33.  Plaintiff accused Mrs. Critchlow of breaching her fiduciary duties under California Probate code sections 16000, 16003, 16006, and 16009.  *Id.* at 34.  Plaintiff alleged that Mrs. Critchlow failed to file the original of the will and specifically raised questions about whether the will was properly signed and witnessed.  *Id.* at 37.  Because these allegations mirror those in the FAC, the court finds that Plaintiff had notice of his claims and the statute of limitations began to run by November 6, 2008, at the latest.

Plaintiff does not attempt to distinguish his allegations in the Safe Harbor Memo from those in the FAC.  Instead, he responds with two arguments.  Plaintiff first contends that the court cannot consider any evidence that contradicts the allegations in the FAC without converting the motion to a motion for summary judgment.  Opp'n to Mrs. Critchlow Mot., ECF No. 34 at 29.  The court has already rejected that argument and taken judicial notice that Plaintiff made the allegations in the Safe Harbor Memo.

Second, Plaintiff contends that his attempts to investigate the situation were legally insufficient to "place Plaintiff on inquiry notice before March 23, 2009."  *Id.* at 29.  Plaintiff's authority does not support his argument.  Plaintiff relies on *UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994), in which the Ninth Circuit found that the statute of limitations did not bar suit because the plaintiff tried to investigate but was stymied by the Defendant.  There, the

appellees investigated their claims, but were misled by the appellant.  *Id.*  Here, Plaintiff started to investigate his claims but did not follow through by filing suit until 2012.  Plaintiff has not alleged any facts that would support tolling.  Accordingly, the statue of limitations applies here.

Because Plaintiff was aware of his breach of fiduciary duty claims by November 6, 2008 and failed to file suit until over three years later and failed to allege facts that would support tolling, the court **GRANTS** Mrs. Critchlow's motion to dismiss Plaintiff's breach of fiduciary duty claims.

### d. Fraud

The statute of limitations for "[a]n action for relief on the ground of fraud or mistake" is three years.  Cal. Code Civ. Proc. 338(d).  "The cause of action . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  *Id.*

Plaintiff's fraud claim is based on Defendants' allegedly making false representations about the validity of the purported will and colluding to conceal that fact from Plaintiff.  *See* FAC, ECF No. 24, ¶¶ 30-31.  In the Safe Harbor Memo, Plaintiff sought to bring an action "to determine whether Kate Critchlow has committed a fraud upon the court . . . when she, as custodian of the will, failed to file the original of the will with the registrar of wills as required by California Probate Code Section 8200.  Kate Critchlow also failed to file even a signed copy of decedent's will with her surviving spousal petition."  RJN Ex. D, ECF No. 28-1 at 37.  Plaintiff also alleged that the will may not have been valid.  *Id.*

As discussed above, Plaintiff does not dispute that the allegations in the FAC and the Safe Harbor Memo are substantially similar.  Instead, he relies on his argument that the court may not consider material that refutes his factual contentions.  Because Plaintiff had notice of the facts constituting the fraud he now alleges by November 6, 208, his claims are now barred.  Accordingly, the court **GRANTS** Mrs. Critchlow's motion to dismiss this claim.

The court also holds that as pled, the complaint does not establish fraud with the requisite particularity.

### e. Conversion

Plaintiff's conversion claim fails for the same reason.  The statute of limitations for conversion is also three years.  *See* Cal. Code Civ. Proc. § 338(c).  In the Safe Harbor Memo, Plaintiff seeks to

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

bring an action "to determine whether Kate Critchlow has 'converted' to her own use and possession the 'separate property' Warren A. Critchlow received when he sold his mother's and Robert Critchlow's grandmother's (Kathryn Rodgers) house at 1318 Rivera court, Santa Rosa, California." RJN Ex. D, ECF No. 28-1 at 36.  In the FAC, Plaintiff alleges the elements of a conversion claim but does not specifically identify the property Mrs. Critchlow allegedly converted.  *See* FAC, ECF No. 24, ¶¶ 32-34.  Nonetheless, the only property mentioned in the FAC is the same estate referenced in the Safe Harbor Memo.  *See* FAC ¶ 14.

Accordingly, the court finds that Plaintiff had notice of his conversion claim by November 6, 2012 at the latest.  This claim, too, is barred by the statute of limitations.  The court, therefore, **GRANTS** Mrs. Critchlow's motion to dismiss Plaintiff's conversion claim.[8]

## B.  John Waner's Motion to Dismiss

Plaintiff's claims against John Waner are identical to those against Mrs. Critchlow.  *See* FAC ¶¶ 27-34.  Waner moves to dismiss Plaintiff's claims on the grounds that Plaintiff fails to state a claim upon which relief may be granted and that his claims are barred by the statute of limitations.  *See* Waner Mot., ECF No. 29 at 2.

### 1.  Failure to State a Claim

Waner argues that Plaintiff's claims all fail because they are based on the incorrect assumption that Warren Critchlow's estate contained separate property in which Plaintiff held an interest. *See* Waner Mot., ECF No. 29 at 8-9; Waner Reply, ECF No. 36 at 2-6.  This contention, however, relies on facts in the Spousal Property Petitons.  *See, e.g.,* Waner Reply at 4 ("The [FAC] states no actionable 'wrongful act' when the court takes judicial notice of the documents requested").  Because the court does not take judicial notice of the disputed facts in the Safe Harbor Memo, dismissal on this ground would be inappropriate.

Waner also argues that Plaintiff's fraud claim against him is not pled with particularity as required by Federal Rule of Civil Procedure 9(b).  "The elements of a cause of action for fraud in

---

[8]  Because the court disposes of all of Plaintiff's claims against Mrs. Critchlow on statute of limitations grounds, it does not reach her argument that Plaintiff failed to establish a causal connection between her actions and his damages.  *See* Mrs. Critchlow Mot., ECF No. 28 at 18-19.

California are: '(a) misrepresentation (false representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997)). Under Federal Rule of Civil Procedure 9(b), a party alleging fraud must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Further, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.* (*In re GlenFed, Inc. § Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994) (superceded by statute on other grounds)).

Waner challenges Plaintiff's fraud claim on the ground that Plaintiff has not pled it with the specificity required under Rule 9(b). In his Opposition, Plaintiff contends that he has met the heightened pleading requirement. *See* Waner Opp'n, ECF No. 35 at 24-25.

Waner contends that Plaintiff cannot plead with sufficient particularity because he cannot establish the existence of any separate property. *See* Waner Mot., ECF No. 29 at 9. But, again, Waner's argument hinges on his contention that Warren Critchlow's estate contained no separate property at the time of his death. *Id.* But Plaintiff alleges that, as of March 18, 1994, the estate did include separate property that Mrs. Critchlow, colluding with Waner, transferred to Mrs. Critchlow via the allegedly fraudulent spousal property petition. FAC ¶ 15. And the court has not taken judicial notice of any facts that could refute this allegation. Accordingly, the court finds that this is sufficiently specific and declines to dismiss the fraud claim on this basis.

### 2. Statute of Limitations

#### a. Breach of Fiduciary Duty

Waner argues that Plaintiff's breach of fiduciary duty claim against him is barred by the statute

of limitations.[9]  Waner Mot., ECF No. 29 at 9-10.  He contends that the applicable statute of

limitations is provided in California Code of Civil Procedure section 340.6, which  provides in

relevant part that:

> An action against an attorney for a wrongful act or omission, other than for actual fraud,
> arising in the performance of professional services shall be commenced within one year after
> the plaintiff discovers, or through the use of reasonable diligence should have discovered, the
> facts constituting the wrongful act or omission, or four years from the date of the wrongful
> act or omission, whichever occurs first.

Cal. Civ. Proc. Code § 340.6(1).  All of the allegations against Waner stem from his role as Mrs.

Critchlow's attorney.  *See, e.g.,* FAC ¶¶ 5 (alleging that Waner "owed duties directly to Plaintiff,

who was an express third party beneficiary of his legal services"), 15 (alleging that Waner failed to

file a petition to probate a lost or destroyed will), 23 (alleging Waner filed the First Petition in

Sonoma County Probate Court).  Plaintiff does not dispute Waner's contention that section 340.6

applies.  Because Plaintiff's claim for breach of fiduciary duties are "[a]n action against an attorney

for a wrongful act or omission," the court agrees.  Cal. Code Civ. Proc. § 340.6.

Under section 340.6, discovery of the negligent act or omission initiates the alternate one-year

statutory period.  *Samuels v. Mix*, 22 Cal. 4th 1, 989 (1999); *Worton v. Worton*, 234 Cal. App. 3d

1368 (1991) (Statute of limitations on legal malpractice claims begins to run when client discovers,

or through use of reasonable diligence should have discovered, facts constituting attorney's

wrongful act or omission).

As discussed above, Plaintiff's Safe Harbor Memo shows that he had notice of his claims against

Waner by November 6, 2008.[10]  The one-year statute of limitations, therefore, expired on November

6, 2009 and the statute of limitations now bars Plaintiff's claim.  Accordingly, the court **GRANTS**

Waner's motion to dismiss Plaintiff's breach of fiduciary duty claim against him.

---

[9]  In his opposition to Waner's motion to dismiss, Plaintiff refers to "his present claims of
fraud, fraudulent concealment, conversion and breach of fiduciary duties."  Opp'n to Waner Mot.,
ECF No. 35 at 23.  The FAC does not purport to state a separate claim for fraudulent concealment
and the court declines to read such a claim into the FAC.

[10]  Waner also asks the court to take judicial notice of the Safe Harbor Memo, *see* Cobb
Decl., ECF No. 29-1., Ex. A.  As previously explained, the court takes judicial notice of the
document, that Plaintiff filed it, and that Plaintiff made the statements therein, but the court does not
take judicial notice of the document for the truth of any facts stated.

UNITED STATES DISTRICT COURT
For the Northern District of California

### b. Fraud Claim

Plaintiff's fraud claim against Waner is also based on the same allegations as his claim against Mrs. Critchlow.  *See* FAC ¶¶ 29-31.  Fraud claims are subject to the three-year statute of limitations in Cal. Code Civ. Proc. § 338(d).  The statute of limitations begins to run once the plaintiff discovers the facts constituting the fraud.  *Id.*  As discussed above, Plaintiff was sufficiently aware of the facts supporting his fraud claims on November 6, 2008, when he filed the Safe Harbor Petition.  Accordingly, the statute of limitations on Plaintiff's fraud claims expired on November 6, 2011.  The court, therefore, **GRANTS** Waner's motion to dismiss this claim.

### c. Conversion

Finally, the court **GRANTS** Waner's motion to dismiss Plaintiff's conversion claim.  To the extent that the FAC states a claim for conversion against Waner,[11] it, too, is barred by the three year statue of limitations in Cal. Code Civ. Proc. § 338(c).  *See supra* (dismissing conversion claim against Mrs. Critchlow on statute of limitations grounds).

## C. Leave to Amend

The court dismisses Plaintiff's claims against Mrs. Critchlow and Waner with leave to amend.  On this record, the court can find no allegations that would support tolling the statute of limitations once it began to run on November 6, 2008.  But the complaint seems to have been drafted based on the erroneous assumption that the Plaintiff's statements in the Sonoma Superior Court action would not be taken into account.  Should Plaintiff decide to file a second amended complaint, that pleading should contain non-conclusory factual allegations to show that the statute of limitations is tolled.

## V. CONCLUSION

For the reasons discussed, the court **GRANTS** Defendants' motions to dismiss Plaintiff's first amended complaint with leave to amend.  Plaintiff shall have 28 days to file a second amended complaint.

This disposes of ECF Nos. 28 & 29.

**IT IS SO ORDERED.**

---

[11]  Waner does not move to dismiss Plaintiff's conversion claim for failure to state a claim.

1    Dated: November 14, 2012

2                                        _____
                                         LAUREL BEELER
3                                        United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California