# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| ROBERT W. CRITCHLOW, | No. C 12-01198 LB |
| Plaintiff, | **ORDER DENYING RULE 52(B) MOTION** |
| v. | |
| KATE E. CRITCHLOW, an individual, and JOHN A. WANER, an individual, and DOES 1-50, inclusive, | **[RE: ECF NO. 57]** |
| Defendants. | |

## INTRODUCTION

Robert Critchlow sued his father's second wife, Kate Critchlow, and her former attorney John Waner, alleging state tort claims against them for their allegedly wrongful conduct in connection with his father's estate. After several rounds of motions, the court dismissed the case with prejudice on February 25, 2013 and entered judgment that day. *See* Order, ECF No. 55; Judgment, ECF No. 56.[1] On March 21, 2013 (28 days later), Robert filed a Motion to Amend and/or Make Additional Findings (the "Motion") pursuant to Federal Rule of Civil Procedure 52(b). ECF No. 57. On March 27, 2013, he appealed to the Ninth Circuit. *See* Docket. The Ninth Circuit stayed the case on April 3, 2013, pending this court's ruling on the motion.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER (C 12-01198 LB)

The court denies the motion.[2]

## ANALYSIS

In the motion, Mr. Critchlow generally asks the court to amend its dismissal order to make legal findings (e.g., as to the correct statute of limitations or to find that the statute of limitations did not bar his claims), to allow him to amend to raise new claims under California Business and Profession Code § 17001, and to essentially reconsider its prior order and address his claims differently. Motion, ECF No. 57 at 102.

To the extent that Mr. Critchlow asks for relief under Federal Rule of Civil Procedure 52, the rule does not apply. That rule allows a court to amend its findings in bench trials.

To the extent that Mr. Critchlow meant to raise a motion for reconsideration under Federal Rule of Civil Procedure 59(e), the court denies the motion.

Rule 59(e) allows a party to move to alter or amend a judgment within 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). Reconsideration is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in the controlling law. *Securities & Exch. Comm'n v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).

Mr. Critchlow raises the following arguments.

First, he argues that the court applied the wrong statute of limitations, and he disagrees with the court's ruling on when he had notice of his claims. *See* ECF No. 57 at 12-13, 15, 18-22. He cites no intervening law, and the court does not find clear error or any ground for reconsideration.

Second, he seeks leave to amend to add a new claim under California Business and Professions Code § 172001. *Id.* at 16-17. He does not attach an amended complaint, as the rules require. *See* Civil Local Rule 10-1. In any event, the court gave him opportunities to amend previously. On this record, he has not alleged new facts to support a new claim, and also, the court sees no basis for a new claim based on the existing facts. Nothing changes the court's conclusion that Mr. Critchlow

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the May 2, 2013 hearing.

1  failed to allege a plausible claim.

2  Third, he alleges that the court did not accept the allegations in his complaint as true, but that is
3  incorrect. Motion, ECF No. 57 at 22. The court applied the correct standard under Federal Rule of
4  Civil Procedure 12(b)(6).

## CONCLUSION

6  The motion is denied. This disposes of ECF Nos. 28 & 29.

7  **IT IS SO ORDERED.**

8  Dated: April 22, 2013                                    _____
                                                             LAUREL BEELER
9                                                            United States Magistrate Judge